VINCENTA J. ESPOSITO, Individually and as Executrix of MARIA ESPOSITO, Deceased, Appellant, *v.* FRANK ESPOSITO, Respondent.

First Department, April 6, 1944.

*Thomas P. Dooney* for appellant.

*Jacob Zelenko* of counsel (*Lewis A. Rosen,* attorney), for respondent.

*Per Curiam.* In July, 1939, the mother of the parties to this action executed a will prepared by her attorney. Under its provisions the real property, which is the subject of the present controversy, was devised to plaintiff and defendant in equal shares. Regardless of the mother's intention thus expressed, it was defendant's desire to exclude plaintiff from sharing in the real estate. To accomplish this, he embarked upon a course of conduct which we think unduly influenced decedent, fourteen days before her death, to execute two instruments purporting to make a different testamentary disposition. One was the deed in question which vested in defendant full title to the real property upon the mother's death, the other was a new will signed contemporaneously.

Defendant had resided with his mother up to the time of her decease. She died on January 21, 1941, at the age of seventy-five. For a long time prior thereto she had been in poor health. Illiterate and with but a slight knowledge of the English language, decedent executed both deed and will on January 7, 1941, by signing with her mark. Though decedent had previously employed a regular attorney familiar with her native language, who had drawn her earlier will, defendant and his cousin Anthony Esposito procured the services of a real estate broker, who was not an attorney, to draw the deed and the new will. The two instruments were executed under the supervision of the real estate broker in the presence of defendant and his cousin and upon their direction.

After decedent's death, defendant instituted a proceeding in the Surrogate's Court, New York County, to prove the will executed on January 7, 1941. That court, however, denied probate of the propounded instrument, on the ground that it was the product of the pressure and undue influence of defendant acting in co-operation with the intermediary who aided him in procuring the draftsman. From that decree no appeal was taken and the time to do so has long since expired. The 1939 will, which devised the property in question in equal shares to plaintiff and defendant, was thereafter duly admitted to probate.

An examination of the record here leads us to conclude that plaintiff sustained the allegations of her complaint. We believe that the deed, the execution of which was challenged for fraud

and undue influence, should be set aside. Accordingly, we hold that the judgment in favor of defendant is contrary to the weight of the credible evidence and should be reversed, and that judgment should be directed in favor of plaintiff, as prayed for in her amended complaint.

The judgment should be reversed, with costs, and judgment directed in favor of the plaintiff as prayed for in her amended complaint, with costs.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur; CALLAHAN, J., taking no part.

Judgment unanimously reversed, with costs, and judgment directed in favor of the plaintiff as prayed for in her amended complaint, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.